**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ARICK MARQUETT JOHNSON                                              PETITIONER
ADC #185962

v.                                    4:26-cv-00021-BSM-JJV

DEXTER PAYNE                                                        RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   Your objections must be received in the office of the United States District Court

Clerk no later than fourteen (14) days from the date of this recommendation.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      BACKGROUND**

Petitioner Arick Marquett Johnson, an inmate at the Barbara Ester Unit of the Arkansas

Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*.

(Doc. No. 2.)   Mr. Johnson was convicted by a jury in the Circuit Court of Pulaski County,

Arkansas, of one count of first-degree terroristic threatening.   *State of Arkansas v. Arick Marquett

Johnson*, No. 60CR-21-1050, https://caseinfo.arcourts.gov.   He was sentenced as a habitual

offender to five years' imprisonment.   *Id*.   Mr. Johnson's retained trial counsel filed a timely

notice of appeal; however, Mr. Johnson never lodged the record on appeal as required by Arkansas

Rule of Appellate Procedure – Criminal 4(b), nor did he file a motion for belated appeal within eighteen months of the judgment as contemplated in Rule 2(e). *Id*. Therefore, the direct appeal did not go forward.[1]

Mr. Johnson filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, in which he alleged his trial counsel was ineffective, specifically because he had filed a legal malpractice claim against her prior to trial, which caused her to have a conflict of interest. *Id*. He repeated this claim in an amended Rule 37 petition, further alleging that the trial judge was aware of the conflict of interest. *Id*. Mr. Johnson made the same claims of ineffective assistance of counsel and judicial misconduct in a *pro se* state habeas petition. *Id*. Both Rule 37 petitions and the state habeas petition remain pending in the trial court. *Id*.

In the Petition for Writ of Habeas Corpus now before this Court, Mr. Johnson raises four claims for relief. (Doc. No. 2 at 4-5.) Two of those claims – claim one and claim three – relate to different state court convictions and have no connection to the judgment challenged here in case 60CR-21-1050. Under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, those claims must be raised in separate petitions. In the other two claims – claim two and claim four – Mr. Johnson alleges ineffective assistance of trial counsel and judicial misconduct, both stemming from the alleged conflict of interest created by the legal malpractice suit. (Doc. No. 2 at 4-5, Doc. No. 8 at 1.) Respondent Dexter Payne, Director of the Arkansas Division of Correction, contends Mr. Johnson's claims are inexcusably procedurally defaulted. (Doc. No. 39.) After careful consideration of the Petition, Response, and Mr. Johnson's numerous other filings, I recommend relief be denied. The Petition should be dismissed without

---

[1] Based on my review of state court records, no appeal was ever docketed in the appellate court. Therefore, in accordance with Arkansas Rule of Appellate Procedure – Criminal 2(f), the trial court could dismiss the appeal. It has not done so.

prejudice for failure to exhaust state court remedies.

## II.   ANALYSIS

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies.   *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")).   The exhaustion requirement "is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The United States Court of Appeals for the Eighth Circuit has held a habeas petitioner has the burden to show that all available state remedies have been exhausted.   *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).   The Eighth Circuit has also stated dismissal without prejudice is proper when a petitioner fails to carry that burden.   *Id*. at 1046.

Mr. Johnson's federal habeas claims were raised in his Rule 37 petition, amended Rule 37 petition, and state habeas petition – all of which remain pending.   Therefore, the claims are unexhausted, and Mr. Johnson must give the state courts an opportunity to resolve the claims before seeking federal habeas relief.   *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (in order to exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").   I note Mr. Johnson previously filed a § 2254 petition in this court that was dismissed for the same reason.   *See Arick Marquett Johnson v. Dexter Payne*, No. 4:25-cv-00380-KGB (E.D. Ark. 2025).

Additionally, this Court lacks the discretion to stay Mr. Johnson's Petition while he exhausts his state court remedies, as his Petition is not a mixed one containing some claims that have been exhausted and some that have not. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). Because Mr. Johnson's Petition contains only unexhausted claims, it should be dismissed without prejudice to his refiling after his state court remedies have been fully exhausted. Mr. Johnson is reminded of the applicable one-year limitation period. *See* 28 U.S.C. § 2244(d).

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Johnson has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Johnson's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED without prejudice.

2. A certificate of appealability not be issued.

DATED this 5th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4